Mark A. Hutchison (4639)
Matthew K. Schriever (10745)
HUTCHISON & STEFFEN, PLLC
10080 W. Alta Dr., Suite 200
Las Vegas, NV 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
mhutchison@hutchlegal.com
mschriever@hutchlegal.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SUNBURST SHUTTERS NEVADA, INC., a Nevada Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>BLACKJACK BLINDS, INC, a Nevada Corporation,<br><br>      Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Sunburst Shutters Nevada, Inc. ("Sunburst" or "Plaintiff") complains against Defendant Blackjack Blinds, Inc. ("Defendant") as follows:

## 1.      NATURE OF THE CASE

This is an action for trademark infringement, unfair competition and trademark dilution under federal statutes, with pendent state and/or common law claims for trademark infringement, trademark dilution, deceptive trade practices, and intentional interference with prospective economic advantage. Sunburst seeks damages, attorneys' fees, costs, preliminary and permanent injunctive relief.

## 2.      JURISDICTION

1.      This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as amended and under Nevada statutory and common

law.

2.     This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that these claims are brought to determine a question of actual controversy between the parties arising under the trademark and unfair competition laws of the United States. This Court has supplemental jurisdiction over Sunburst's state and common law claims pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over Defendant based upon the fact that Defendant resides in the State of Nevada, is incorporated under the laws of the State of Nevada and conducts continuous business within the State of Nevada.

4.     Venue properly lies within the unofficial Southern District of the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391.

### 3.     PARTIES

5.     Plaintiff Sunburst is a corporation organized under the laws of the State of Nevada with its principal place of business at 10091 Park Run Drive, Suite 190, Las Vegas, NV 89145.

6.     On information and belief, Defendant is a corporation organized under the laws of the State of Nevada, with its principal place of business at 3917 Sweet Pine Street, Unit 101, Las Vegas, NV 89108.

### 4.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

#### A.     Sunburst and its Federal and State Trademark Registrations

7.     Sunburst is a famous source for window treatments. Sunburst was one of the first to offer a shop-at-home sales program for window treatments where design professionals brought samples into the home to guide customers into selecting the best product for their home.  In addition, Sunburst is recognized for its superior sales staff and product offerings. The result of Sunburst's diligent efforts to offer top quality products and excellent customer service is a nationally recognized brand.

8.     In an effort to satisfy customer demand and be on the cutting edge of window treatment offerings, in the 1990s Sunburst set out to create the ultimate shutter, one that would

1   elevate quality, provide superior energy efficiency, and retain its beauty for many years.

2   Sunburst's diligent efforts – including research, sampling, and testing – eventually led to the

3   creation of the nationally recognized Polywood Shutters, the first shutters incorporating cellular

4   vinyl extrusion offered to the consuming public.

5        9.      Unlike traditional shutters, Polywood is a synthetic cellular vinyl extrusion

6   material that resists warping, cracking, and splitting. Sunburst discovered a unique method for

7   painting shutters that baked the paint on the material for a more durable finish.  This process

8   ensures that the paint will not fade, even in the hottest climates. Polywood was also designed

9   with numerous insulating benefits, including, *inter alia*, weather stripping, solid core

10   components, and heat reflective paint.

11        10.     The result was phenomenal for Sunburst, and Polywood fueled the company's

12   growth.  At that time, shutters were quickly becoming a popular window treatment, and

13   Sunburst's brand – known for its high-quality products and exceptional customer service – was

14   on the cutting edge and dominated the shutter market.

15        11.     More recently, in 2008, Sunburst expanded its product offerings to include blinds,

16   shades, panel track systems, window film/tint, and more.  Each of these window products is

17   made with the Sunburst strategy of offering better quality products.

18        12.     Sunburst also sought to protect its intellectual property throughout this process.

19   To that end, Sunburst is the owner of 14 federally registered trademarks on the Principal Register

20   of the United States Patent and Trademark Office, including, *inter alia*:

21        a.    POLYWOOD: Registration No. 1798693 for "non-metal building and

22             construction materials; namely, composition building panels;" and

23        b.    POLYWOOD SHUTTER: Registration No. 4284838 for "window coverings,

24             namely, shutters fabricated of synthetic material; non-metal window shutters."

25   Copies of the foregoing registrations are attached as **Exhibits 1-2**, respectively, and incorporated

26   by reference herein.

27        13.     Since at least as early as 1992 and 1993, Sunburst has used the respective

28   POLYWOOD and POLYWOOD SHUTTERS marks in connection with Sunburst's Polywood

3

1  product offerings.

2    14.    In addition, Sunburst also owns registrations in the State of Nevada for the

3  POLYWOOD mark, a copy of which is attached hereto as **Exhibits 3**, respectively, and

4  incorporated by reference herein. Furthermore, Sunburst also owns common law rights in these

5  marks. All of the aforementioned marks are collectively referred to herein as "SUNBURST

6  Marks."

7    15.    Sunburst's federal and state trademark registrations have not been abandoned,

8  canceled, or revoked. Moreover, Sunburst's POLYWOOD and POLYWOOD SHUTTERS

9  federal trademark registrations have become incontestable through the filing of Section 8 and 15

10  affidavits in the Patent and Trademark Office.

11    16.    Based on its federal and state trademark registrations and extensive use, Sunburst

12  owns the exclusive right to use the SUNBURST Marks in connection with its goods in the

13  United States.

14    17.    Further, the SUNBURST Marks have become distinctive and famous in the

15  United States for shutters and other window dressings. SUNBURST Marks have acquired a

16  special significance and meaning to the consuming public as identifying Sunburst as the source

17  of origin of goods that bear the SUNBURST Marks.

18    18.    Sunburst has spent substantial sums of money to advertise and promote

19  SUNBURST Marks in print, broadcast media, and on the Internet.

20    19.    Sunburst used each of the SUNBURST Marks in commerce long before the acts

21  of Defendant complained of herein.

22    **B.    Defendant's Unlawful Actions**

23    20.    Defendant has a long history of infringing upon the SUNBURST Marks in an

24  attempt to confuse consumers and trade off of Sunburst's fame and notoriety.

25    21.    To that end, Sunburst has caught Defendant improperly using the SUNBURST

26  Marks on several occasions. For example, Defendant has provided quotes and correspondence to

27  potential customers claiming to provide POLYWOOD shutters.  Defendant's use of

28  POLYWOOD is a clear attempt to confuse consumers into believing Defendant's shutter

1   products are associated with, or authorized by, Sunburst. True and accurate copies of the quotes

2   and correspondence are attached hereto as **Exhibits 4-6** and incorporated by reference herein.

3         22.    On information and belief, Defendant operates a website located at

4   www.blackjackblinds.com where Internet users can purchase window shutters and other window

5   covering products offered for sale by Defendant.

6         23.    On information and belief, Defendant's website is available throughout the United

7   States, and is accessible to Internet users in Nevada.

8         24.    Sunburst has discovered that Defendant is improperly using the SUNBURST

9   Marks on its website by claiming to provide POLYWOOD shutters.  Defendant's use of

10  POLYWOOD on its website is a clear attempt to confuse consumers into believing Defendant's

11  shutter products are associated with, or authorized by, Sunburst.  True and accurate copies of the

12  photographs showing the entire webpage are attached hereto as **Exhibit 7** and incorporated by

13  reference herein.

14        25.    On information and belief, Defendant's use of the SUNBURST Marks as

15  described above was and is an attempt to create an association between Defendant's products and

16  SUNBURST Marks and Sunburst.

17        26.    Defendant is not affiliated with and is not authorized by Sunburst to use any of

18  SUNBURST Marks in any manner, including, but not limited to, Internet advertising,

19  promotions, or brochures, to promote or market Defendant's products, and in response to

20  inquiries regarding Defendant's products.

21        27.    By utilizing SUNBURST Marks in the manner described above, Defendant is

22  attempting to trade on the goodwill of SUNBURST Marks and Sunburst's reputation.

23        28.    By utilizing advertising containing SUNBURST, Defendant was and is attempting

24  to create an association between its product offerings and SUNBURST Marks owned by or

25  affiliated with Sunburst.

26        29.    Defendant is not affiliated with and is not authorized by Sunburst to use any of

27  SUNBURST Marks in any manner, including, but not limited to, in connection with advertising

28  its www.blackjackblinds.com website domain, in the bidding process, and/or product offerings

or advertising.

30.     By purchasing advertising containing the SUNBURST Marks, Defendant is attempting to trade on the goodwill of SUNBURST Marks and Sunburst's reputation.

31.     By utilizing advertising containing SUNBURST, Defendant was and is attempting cause initial interest confusion and create an association between it and Sunburst.

32.     By utilizing advertising containing the SUNBURST Marks, Defendant was and is attempting to frustrate or divert Internet traffic intended for Sunburst.

## 5.     CLAIMS FOR RELIEF

### First Claim
### Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114

33.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set forth herein.

34.     Defendant has used and/or is using in commerce SUNBURST Marks, and, thus, are confusingly similar to Sunburst's federal registrations for these trademarks.

35.     Defendant's use in commerce of SUNBURST Marks and/or marks confusingly similar to these trademarks for their products, and to direct consumers to Defendant's website through a paid advertisement designed to cause initial interest confusion, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Sunburst's federal trademark registrations in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

36.     By using the SUNBURST Marks and/or marks confusingly similar to Sunburst's federally registered marks, with the knowledge that Sunburst owns and has used, and continues to use, its trademarks across the United States, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

37.     Defendant is using marks that are the same and/or confusingly similar to the SUNBURST Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Sunburst, or as to the origin, sponsorship, affiliation or approval

6

1 of Defendant's commercial activities by Sunburst.

2      38.     Defendant is also using marks that are the same and/or confusingly similar to

3 SUNBURST to cause initial interest confusion and divert Internet users away from Sunburst's

4 website and to Defendant's website.

5      39.     Defendants' use of the SUNBURST Marks and /or marks confusingly similar to

6 the SUNBURST Marks has created a likelihood of confusion among consumers who may falsely

7 believe that SUNBURST Marks are associated with Defendant, or that Sunburst sponsors or

8 approves of Defendant's services or commercial activities.

9      40.     As a direct and proximate result of Defendant's infringement, Sunburst has

10 suffered, and will continue to suffer, monetary loss and irreparable injury to its business,

11 reputation, and goodwill.

**Second Claim**
**Unfair Competition and False Designation of Origin**
**under the Lanham Act, 15 U.S.C. § 1125(a)**

14      41.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set

15 forth herein.

16      42.     Defendant's use in commerce of marks that are the same and/or confusingly

17 similar to the SUNBURST Marks in connection with Defendant's website and website

18 advertising, as well as Defendant's products constitutes a false designation of origin and/or a

19 false or misleading description or representation of fact, which is likely to cause confusion, cause

20 mistake, or deceive as to affiliation, connection, or association with Sunburst, or as to the origin,

21 sponsorship, affiliation or approval of Defendant's commercial activities by Sunburst.

22      43.     Defendant's use in commerce of Sunburst's SUNBURST Marks and/or marks

23 confusingly similar to these marks with the knowledge that Sunburst owns and has used, and

24 continues to use, its trademarks constitutes intentional conduct by Defendant to make false

25 designations of origin and false descriptions about Defendant's commercial activities.

26      44.     As a direct and proximate result of such unfair competition, Sunburst has

27 suffered, and will continue to suffer, monetary loss and irreparable injury to its business,

28 reputation, and goodwill.

**Third Claim**
**Trademark Dilution under the Federal Anti-Dilution Act, 15 U.S.C. § 1125(c)**

45.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46.     Sunburst's trademarks are inherently distinctive.  Through their adoption and consistent and extensive use, Sunburst's trademarks have acquired fame.

47.     Defendant began using marks that are the same and/or nearly identical to SUNBURST Marks in connection with their commercial activities after these marks became famous.

48.     Defendant's use of SUNBURST Marks and/or marks nearly identical to these marks has and will cause dilution of the distinctive quality of Sunburst's federally registered trademarks and will otherwise cause irreparable injury to Sunburst's business, reputation, and goodwill.

49.     Upon information and belief, Defendant's use of SUNBURST Marks and/or marks confusingly similar to these marks was willful in nature, in that Defendant willfully intended to trade on the reputation of Sunburst or to cause dilution of the SUNBURST Marks.

50.     As a direct and proximate result of Defendant's dilution of the SUNBURST Marks, Sunburst has suffered, and will suffer, irreparable injury to its business, reputation, and goodwill.

**Fourth Claim**
**State Trademark Infringement under N.R.S. 600.420**

51.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set forth herein.

52.     Sunburst holds State of Nevada trademark registration for POLYWOOD ("Sunburst's Nevada Mark"), as discussed *supra* and evidenced in **Exhibit 3**.

53.     Defendant has used and/or is using Sunburst's Nevada Mark, or marks confusingly similar to Sunburst's Nevada Mark, in the State of Nevada. Such use is in connection with Defendant's commercial activities, including, but not limited to, Defendant's products, its website, and Internet advertising.

8

54.     Defendant's non-consensual use of Sunburst's Nevada Mark, and/or marks confusingly similar to Sunburst's Nevada Mark confuses consumers, constitutes a reproduction, copying, and/or counterfeiting, and is a colorable imitation of Sunburst's Nevada Mark in a manner that is likely to deceive consumers.

55.     By using Sunburst's Nevada Mark, and/or marks confusingly similar to Sunburst's Nevada Mark, with the knowledge that Sunburst owns, has used, and continues to use, its trademarks in Las Vegas and across Nevada, Defendant is likely to cause confusion, cause mistake, and/or deceive consumers as to the origin, sponsorship, affiliation or approval of Defendant's commercial activities by Sunburst.

56.     Defendant's use of Sunburst's Nevada Mark causes initial interest confusion and diverts Internet users away from Sunburst's website.

57.     Defendant's use of Sunburst's Nevada Mark has created a likelihood of confusion among consumers who may falsely believe that Defendant's website and commercial activities are associated with Sunburst, or that Sunburst sponsors or approves of Defendant's website or commercial activities.

58.     As a direct and proximate result of Defendant's infringement, Sunburst has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**Fifth Claim**
**State Trademark Dilution under N.R.S. 600.435**

59.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60.     Sunburst's Nevada Mark are inherently distinctive. Through their adoption and consistent and extensive use, these marks have acquired fame in the State of Nevada.

61.     Defendant began using marks that are the same and/or nearly identical to Sunburst's Nevada Mark in connection with their website and other commercial activities after Sunburst's marks became famous in the State of Nevada.

62.     Defendant's use of marks that are the same as and/or nearly identical to Sunburst's Nevada Mark has and will cause dilution of the distinctive quality of Sunburst's

9

1  Nevada Mark and will otherwise cause irreparable injury to Sunburst's business, reputation, and

2  goodwill.

3       63.     Upon information and belief, Defendant's use of Sunburst's Nevada Mark and/or

4  marks confusingly similar thereto was willful in nature, in that Defendant intended to cause

5  dilution of Sunburst's Nevada Mark or willfully intended to trade on the reputation of Sunburst.

6       64.     As a direct and proximate result of Defendant's dilution of Sunburst's Nevada

7  Mark, Sunburst has suffered, and will suffer, irreparable injury to its business, reputation, and

8  goodwill.

9  **Sixth Claim**
10 **Common Law Trademark Infringement**

11      65.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set

12 forth herein.

13      66.     By virtue of having used and continuing to use SUNBURST Marks, Sunburst has

14 acquired common law trademark rights in the SUNBURST Marks.

15      67.     Defendant's use of marks the same and/or confusingly similar to SUNBURST

16 Marks infringes Sunburst's common law rights in SUNBURST Marks and is likely to cause

17 confusion, mistake, or deception among consumers, who will believe that Defendant's

18 commercial activities and/or Defendant's website originate from, or are affiliated with, or

19 endorsed by Sunburst, when, in fact, they are not.

20      68.     As the direct and proximate result of Defendant's infringement of Sunburst's

21 common law trademark rights under Nevada and other common law, Sunburst has suffered, and

22 will continue to suffer, monetary damages and irreparable injury to its business, reputation, and

23 goodwill.

24 **Seventh Claim**
**Deceptive Trade Practices under N.R.S. § 598.0915**

25      69.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set

26 forth herein.

27      70.     Upon information and belief, in the course of conducting its business, Defendant

28 knowingly made false representations as to an affiliation, connection and/or association with

10

Sunburst by using a mark identical and/or confusingly similar to SUNBURST Marks as set forth in detail above, and otherwise engaged in deceptive trade practices.

71.     As the direct and proximate result of Defendant's deceptive conduct, Sunburst has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**Eighth Claim**
**Intentional Interference with Prospective Economic Advantage**

72.     Sunburst incorporates the allegations in the preceding paragraphs as if fully set forth herein.

73.     Upon information and belief, at the time Defendant adopted and began using marks that are the same and/or confusingly similar to SUNBURST Marks and since that time, Defendant knew and has known that Sunburst is in the business of providing shutters and advertises its shutters on the Internet using SUNBURST Marks.

74.     Defendant committed acts intended or designed to disrupt Sunburst's prospective economic advantage arising from providing these services.

75.     Defendant's actions have disrupted or are intended to disrupt Sunburst's business by, among other things, diverting web users away from Sunburst's website to Defendant's website using the SUNBURST Marks to divert sales and deceive consumers.

76.     Defendant has no legal right, privilege or justification for its conduct.

77.     As a direct and proximate result of Defendant's intentional interference with Sunburst's prospective economic advantage, Sunburst has suffered, and will continue to suffer, monetary damages and irreparable injury.

78.     Based on the intentional, willful and malicious nature of Defendant's actions, Sunburst is entitled to recover monetary damages, exemplary or punitive damages and reasonable attorneys' fees and costs incurred in connection with this action.

**6.     PRAYER FOR RELIEF**

WHEREFORE, Sunburst respectfully prays that the Court grant the following relief:

A.     A preliminary and permanent injunction prohibiting Defendant, Defendant's

officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from using SUNBURST Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags, its Internet advertising, and in its promulgation of commercial activities);

B.      An award of compensatory, consequential, statutory, and/or punitive damages to Sunburst in an amount to be determined at trial;

C.      An award of interest, costs and attorneys' fees incurred by Sunburst in prosecuting this action; and

E.      All other relief to which Plaintiff is entitled.

DATED January 18, 2019.

HUTCHISON & STEFFEN, PLLC

/s/ Matthew K. Schriever

_____
Mark A. Hutchison (4639)
Matthew K. Schriever (10745)

*Attorneys for Plaintiff*

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 1



Int. Cl.: 19

Prior U.S. Cl.: 12

## United States Patent and Trademark Office

Reg. No. 1,798,693
Registered Oct. 12, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## POLYWOOD

GPI HOLDING, INC. (COLORADO CORPORA-
TION)
201 CENTENNIAL, SUITE 105
GLENWOOD SPRINGS, CO 81602

FOR: NON-METAL BUILDING AND CON-
STRUCTION MATERIALS; NAMELY, COMPO-
SITION BUILDING PANELS, IN CLASS 19 (U.S.
CL. 12).

FIRST USE 10-0-1992; IN COMMERCE
10-0-1992.

SN 74–143,139, FILED 2–28–1991.

STEPHEN JEFFRIES, EXAMINING ATTOR-
NEY

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 2





# United States of America
## United States Patent and Trademark Office

# POLYWOOD SHUTTER

**Reg. No. 4,284,838**
**Registered Feb. 5, 2013**

SUNBURST SHUTTERS NEVADA, INC. (NEVADA CORPORATION)
10091 PARK RUN DRIVE, SUITE 190
LAS VEGAS, NV 89145

**Int. Cl.: 19**

FOR: WINDOW COVERINGS, NAMELY, SHUTTERS FABRICATED OF SYNTHETIC MA-
TERIAL; NON-METAL WINDOW SHUTTERS, IN CLASS 19 (U.S. CLS. 1, 12, 33 AND 50).

**TRADEMARK**

FIRST USE 8-24-1993; IN COMMERCE 8-24-1993.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SHUTTER", APART FROM
THE MARK AS SHOWN.

SER. NO. 85-479,134, FILED 11-22-2011.

WENDY JUN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 3





# CERTIFICATE OF REGISTRATION

I, BARBARA K. CEGAVSKE, the duly elected and qualified Nevada Secretary of State, do hereby certify that the following **Trade Mark** was filed by **SUNBURST SHUTTERS NEVADA, INC.**, the business address of 10091 PARK RUN DRIVE, SUITE 190 LAS VEGAS NV, 89145, on the 17th day of January, 2017:

      Mark (copy attached):  POLYWOOD
      Class No:  50
      Description of goods or services: WINDOW COVERINGS; WINDOW SHUTTERS
      Registrant's state of incorporation:  NV
      Date of first use in Nevada:  August 24, 1993
      Date of first use anywhere:  August 24, 1993
      Date of expiration:  January 17, 2022

Said registration was submitted with a description thereof and duly verified as required by law, and that the same is now on file and of record in this office.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on January 24, 2017.

*Barbara K. Cegavske*

BARBARA K. CEGAVSKE
Secretary of State

Certified By: Delaina Marzullo
Certificate Number: C20170118-0224
You may verify this certificate
online at **http://www.nvsos.gov/**

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 4



# Black Jack BLINDS
## 702-808-1777

**Customer Information**

Name: Ken
Address: 25 ele Woodson 89062
City, Zip:
Phone: 626-422-1512
Email:

Page ___ of ___
Quote Date: 1/2/18
Date Ordered:
Estimated Install Date: 7-8 wks

| Room | Width | Height | T/D HD | SP | Product | Pattern/Color | Color # | Vendor | Controls |
|---|---|---|---|---|---|---|---|---|---|
| Entry | 45 1/2 | 58 7/8 | H | | Shutters | 3 1/2 = louvers | Pure | | L | 157 |
| | 47 | 58 3/4 | H | | - split/oval | | white | | LE | 342 |
| liv back | 20 3/4 | 58 3/4 | H | | no tilt rod | | white | | LL | 342 |
| back Door | 119 | 58 7/8 | H | | full length | | | | LLLLRRR | 498 |
| | 24 | 66 | O | | | | | | R | 498 |
| Din liv L | 21 7/8 | 58 7/8 | H | | Tpost 30 1/8 85 1/2 | | | | LL | 196 |
| | 63 1/8 | 58 5/8 | H | | key 2 1/2 otra; (28 1/2 36) | | | | LLRR | 503 |
| side liv | 16 | 58 5/8 | H | | | | | | RR | 196 |
| laundry | 63 1/4 | 40 3/4 | H | | 2 - Duo 2 louvers | | | | LLRR | 196 |
| | 28 | 40 3/4 | H | | | | | | LLR | 165 |
| front bed L | 35 1/2 | 53 1/2 | H | | | | | | LR | 178 |
| | 35 5/8 | 53 1/2 | H | | Tpost (35 1/2 x 17 3/4) seamless | 152 = 60 1/4 | | | LR | 178 |
| front R | 21 | 53 3/4 | H | | key (35 5/8 x 18) seamless | | | | LE | 798 |
| | 63 1/8 | 58 7/8 | H | | | | | | LL | 196 |
| | 21 | 58 3/4 | H | | | | | | LLRR | 503 |
| RR | 95 1/4 | 63 3/4 | H | | | | | | RR | 196 |
| | | 63 5/8 | H | | | | | | LR | 303 |

Lifetime Warranty - elegant shutters
5 year warranty

**Installer Notes**

| | | | |
|---|---|---|---|
| Ladder | Ft. | | |
| Metal/Concrete | | | |
| Take down blinds Pad | | | CK# |
| Customer will take down blinds or pay $5 each in | | | CK# |
| | | | CK# |

Subtotal: 6272
Tax: 517.34
Misc.:
Deposit:
Balance:
Balance:

Total 6400

Authorized Signature ___ Date ___

The balance you have paid this order with me and I accept full responsibility for the sizes, materials and options I have chosen. I understand that materials may have a slight die lot variation and may not be exactly the same item as the ones I ordered. Any verbal agreements discounted but not written or typed. These items are custom made and cannot be returned. I acknowledge that I may try for at least 50% of all window coverings ordered and 100% of window coverings installed. Most items contain a limited lifetime warranty through the manufacturer and cut Black Jack Blinds

Qdata11

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 5



# Fwd: plantation shutters for our new home

Emma N <superdupergarden@gmail.com>

Mon 1/7/2019 7:56 AM

To:Darik Nielson <dnielson@sunburstshutters.com>;

---------- Forwarded message ---------
From: **Blackjack Blinds Inc** <sales@blackjackblinds.com>
Date: Fri, Jan 4, 2019 at 8:20 PM
Subject: Re: plantation shutters for our new home
To: Emma N <superdupergarden@gmail.com>

Hi Emma, I'm happy to help you with shutters for your home. I do carry polywood shutters and it is what is recommended in the desert climate. They will not warp, chip, fade, or crack with a lifetime warranty.
As for the process, your home will need to have the drywall up around the window frames in order to take measurements. When the home is ready, please let me know and I can meet you to review design options and provide an accurate quote. A 50% deposit will get the order started and the balance is due upon installation. Shutters will take about 7-8 weeks until install. In the meantime, I can have temporary shades put up if you prefer. Please let me know if you have any questions. Feel free to check out our yelp page or our website for shutter design ideas.

Thank You,

Geoff Wilcox
Blackjack Blinds Inc.
702-808-1777
www.blackjackblinds.com

> On Jan 4, 2019, at 5:07 PM, Emma N <superdupergarden@gmail.com> wrote:
>
> Hello,
>
> I got your name from a co-worker.  You guys did her sister in-law's shutters and she said they are beautiful.
>
> We are building a new home in Inspirada would like to put shutters on the windows.
>
> I have lived in Las Vegas for 10 years and have always heard that the polywood shutters are very durable and will last a long time.
>
> Do you carry that kind of shutters?
>
> Also, how does the process work?  I have never purchased window coverings before.   We are told by our builder that the house should start to be framed in a couple of weeks.   At what point can I have an appointment with you and meet you there?
>
> Thank you so much.  I look forward to hearing from you!!
>
> Sincerely,
> Emma Newman

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 6



# Fw: shutter estimate and questions

John James <jjames702@yahoo.com>

Thu 12/13/2018 10:45 AM

To:Darik Nielson <dnielson@sunburstshutters.com>;

----- Forwarded Message -----
**From:** Blackjack Blinds Inc <sales@blackjackblinds.com>
**To:** John James <jjames702@yahoo.com>
**Sent:** Thursday, November 8, 2018, 12:59:06 PM PST
**Subject:** Re: shutter estimate and questions

Hi Jonathan, I'm happy to help you with shutters. I do recommend polywood shutters here in Las Vegas due to the climate. Polywood will last longer than wood and resists fading much better since it is coated with a UV protectant. These shutters I provide are manufactured by elegant shutters if you would like any more information. Based on your measurements, the cost for these 10 shutters is $2700 with all tax and installation included. Let me know when you would like to arrange for a design consultation to provide an accurate quote and review your options.

Thank You,

Geoff Wilcox
Blackjack Blinds Inc.
702-808-1777

On Nov 8, 2018, at 11:19 AM, John James <jjames702@yahoo.com> wrote:

Hello, I close on my new home in a month.  It is in Inspirada in Henderson.

I have 8 windows that are 59 x 35 and 2 that are 47 x 22.  I'm looking for white shutters and I would like a very good quality.  My friends told me to get the polywood kind.  Do you offer those?  thank you.
Jonathan James

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 7



# BLACKJACK BLINDS

WINDOW TREATMENTS     SECURITY PRODUCTS     CONTACT US

# Shutters

———————



Shutters are the best product available for enhanced design with added insulation and noise reduction. Shutters are a highly durable product made to last a lifetime. Available in basswood, polywood, or hollow poly resin. Shutters will upgrade the aesthetics and value of any home.





We offer you complete control of your shutters design with traditional plantation to modern designs. Available in many shades of white, custom Sherwin Williams paint colors, stains, and knots. Built in to your home and made in any custom size. Shutters can be designed with inside or outside mount with a selection of trim frames and louver sizes.



We carry the best value shutters by providing quality shutters at

competitive rates. Enhance your curb appeal with shutters for your home. All shutters include a lifetime warranty.

## SCHEDULE YOUR COMPLIMENTARY DESIGN CONSULTATION

# Take the first step to enhancing your home or office

SCHEDULE NOW

HOME     VIEW OUR BROCHURE     CONTACT US

COPYRIGHT © 2019 · BLACKJACK BLINDS

brochure-jpg-canva.png 1,056×1,632 pixels

1/2/19, 8:12 PM

Blackjack Blinds is a born and raised local company with experience in custom design. We offer a large range of products to upgrade your lifestyle, fit your needs, and meet your budget. With superior products, trustworthy service, and experienced installation, you can confidently bet on Blackjack Blinds.

Whether you're still deciding a style or scouting the best price, we're happy to give our honest advice. Give us a call!

Fair prices. Superior products. Exceptional warranty. Period.

**Lift Options**
cordless, motorized, cord loop, wand
- Child-proof

**Blackout Options**
- Partial to full blackout

**Motorization**
(battery, hard-wire, solar-powered)
- Timers
- Sun sensors
- Control by remote or wall switch

**Valance, Cornice and Cassette Options:**
- Standard and Oversized
- Crown molding selections
- Fabric wrapped
- clean, elegant appearance

# Tracks



Sliding panels or folding
- Roller fabric or woven wood
- Unique option for sliding glass doors

# Arched Windows



- Custom wood
- Shutter style
- Honeycomb



Call for an in-home design consultation

702-808-1777

sales@blackjackblinds.com

/BlackjackBlinds

blackjackblinds.com

# Shutters





# Blinds



Horizontals

Aluminum, vinyl, wood, and fauxwood
- Complete light control
- Cloth tape option



# Shades



Honeycomb

Horizontal and vertical
- Insulating
- Exquisite selection of fabric and silk
- Variety of textures



Roller

- Modern, sleek design

brochure-jpg-canva.png 1,056×1,632 pixels

1/2/19, 8:12 PM







## Verticals

PVC, fabric
- Economical choice
- Great for large windows and sliders

- Great for offices
- Solar style reduces glare and heat



**Roman**



**Sheers**

**Poly-wood and poly-resin**
- Add value to your home
- Best durability, insulation, and warranty
- Green-certified, fire retardant, and waterproof
- Built-in security and privacy

- Premium collection
- Diffused light while adding privacy

- Pleated drapery
- Timeless elegance



**Woven Woods**

- Natural fibers
- Earthy tones

